17-3209
*Pangea Capital Management, LLC v. Lakian*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2018

(Argued: September 18, 2018          Questions Certified: September 26, 2018
                                     Decided July 3, 2019)

Docket No. 17-3209
_____

PANGEA CAPITAL MANAGEMENT, LLC,

*Petitioner-Appellant*,

– v. –

JOHN R. LAKIAN,

*Respondent-Appellee*,

ANDREA LAKIAN,

*Intervenor-Appellee*.
_____

B e f o r e:

KATZMANN, *Chief Judge*, CHIN and LOHIER, *Circuit Judges*.
_____

Appeal from an order of the United States District Court for the Southern District of New York (Kaplan, *J.*) granting in part and denying in part petitioner-appellant Pangea Capital Management, LLC's motion for a writ of execution upon the proceeds from the sale of a property previously owned by appellees Andrea and John Lakian. Pangea, a judgment creditor of John Lakian, contends that the district court erred in declining to award it the entirety of the proceeds, arguing that its interest in the property took priority over the interest awarded to Andrea in a divorce judgment. We certified the question to the New York Court of Appeals, which held that Andrea's interest vested upon entry of the divorce judgment and did not render Andrea a judgment creditor of John. The judgment of the district court is therefore AFFIRMED.

——————————

CAITLIN L. BRONNER (Dean G. Yuzek, *on the brief*), Ingram Yuzek Gainen Carroll & Bertolotti, LLP, New York, NY, *for Petitioner-Appellant*.

John R. Lakian, *pro se.*

JUDITH R. RICHMAN (Joel Berger, *on the brief*), Sonnenfeld & Richman LLP, New York, NY, *for Intervenor-Appellee*.

——————————

PER CURIAM:

As explained more fully in our prior opinion, *see Pangea Capital Mgmt., LLC v. Lakian*, 906 F.3d 1 (2d Cir. 2018) ("*Pangea I*"), familiarity with which is here presumed, this dispute is about the competing interests of intervenor-appellee Andrea Lakian ("Andrea") and petitioner-appellant Pangea Capital Management, LLC ("Pangea") in the proceeds of the sale of a house in Suffolk County, New York. Title to that property had been held by a trust that listed

2

Andrea and her husband John Lakian ("John") as beneficiaries, each holding 50%

interests. When Andrea and John divorced, they stipulated that the property

would be sold, that Andrea would receive $75,000 and 62.5% of the net proceeds,

and that John would receive the balance. That stipulation was incorporated into a

divorce judgment entered by the New York Supreme Court. Soon thereafter

Pangea won an arbitration award against John, which was confirmed and

reduced to a judgment. Pangea docketed that judgment in Suffolk County.

Under N.Y.C.P.L.R. 5203, when two or more judgment creditors attempt to

satisfy their judgments against a debtor's real property, priority goes to the first

creditor to docket a judgment in the county where the property is located,

regardless of which judgment was entered first. Pangea contends that Andrea's

divorce judgment rendered her a judgment creditor and that her claim to the

property is subordinate to Pangea's because Pangea docketed its judgment first.

Andrea argues that her share of the trust corpus—62.5% plus $75,000—was fixed

and vested upon entry of the divorce judgment, so she is not a judgment creditor

of John and Pangea can collect only from John's share of the sale proceeds.

The district court (Kaplan, *J.*) held that Andrea's interest in the property

vested upon entry of the judgment of divorce and that Pangea could execute only

3

upon the share of the proceeds awarded to John in the divorce judgment, *i.e.*, 37.5% less $75,000. Because this appeal turned on a significant and unresolved issue of New York state law, as relevant here, we certified the following question to the New York Court of Appeals:

> If an entered divorce judgment grants a spouse an interest in real property pursuant to D.R.L. Section 236, and the spouse does not docket the divorce judgment in the county where the property is located, is the spouse's interest subject to attachment by a subsequent judgment creditor that has docketed its judgment and seeks to execute against the property?

*Pangea I*, 906 F.3d at 11. The New York Court of Appeals accepted the certified question, *Pangea Capital Mgmt., LLC v. Lakian*, 32 N.Y.3d 1050 (2018), and now has answered in the negative, *Pangea Capital Mgmt., LLC v. Lakian*, No. 53, 2019 WL 2583109, at *1 (N.Y. June 25, 2019).

In short, the New York Court of Appeals held that "legal rights to specific marital property vest upon the judgment of divorce" and "the dissolution of a marriage involving the division of marital assets does not render one ex-spouse the creditor of another." *Id.* at *2. Instead, "the judgment of divorce was, as the Federal District Court explained, 'a final settling of accounts' between marital partners with an equitable interest in all marital property." *Id.* at *4 (citing *Pangea*

4

*Capital Mgmt., LLC v. Lakian*, 16-cv-0840, 2017 WL 4081911, at \*23 (S.D.N.Y. Sept. 13, 2017)). "Thus, C.P.L.R. 5203(a), by its plain terms, has no application here, and Pangea can claim no priority." *Id.* at \*3. This holding is binding on us and dispositive of this case.

Accordingly, the judgment of the district court is **AFFIRMED**.